ALTOBELLI V HARTMANN, No. 150656; opinion at 499 Mich 284.

*Summary Disposition July 26, 2016:*

PEOPLE V DEMARAY, No. 148841; Court of Appeals No. 319352. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Emmet Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. On remand, the Emmet Circuit Court shall also consider the defendant's issue regarding the assessment of a payment to the "Victims Restitution Fund." We do not retain jurisdiction.

PEOPLE V WILKINS, No. 149522; Court of Appeals No. 320581. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Montcalm Circuit Court for consideration of the defendant's issue regarding the assessment of court costs. We do not retain jurisdiction.

PEOPLE V JONES, No. 150092; Court of Appeals No. 322748. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Berrien Circuit Court for consideration of the defendant's issue regarding the assessment of court costs. We do not retain jurisdiction.

PEOPLE V QUIJAS, No. 150515; Court of Appeals No. 323426. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Muskegon Circuit Court for consideration of the defendant's issue regarding the assessment of court costs.